UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SASQUA GROUP. INC. and
CHRISTOPHER G. TORS,

       Plaintiffs,

       -against-

LORI COURTNEY and
ARTEMIS CONSULTING GROUP,

       Defendants.
-------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-528

(Wexler, J.)

APPEARANCES:

    ARNOLD & PORTER LLP
    BY: RICHARD P. SWANSON. ESQ.
        EMILY A. KIM, ESQ.
    Attorneys for Plaintiffs
    399 Park Avene
    New York, New York 10022-4690

    LAW OFFICES OF MARTIN J. MURRAY, ESQ.
    BY: MARTIN J. MURRAY, ESQ.
        NORA VON STANGE, ESQ.
    Attorneys for Defendants
    475 Park Avenue South, 25th Floor
    New York, New York 10016

WEXLER, District Judge

    Plaintiffs in this case were formerly in a business relationship with Defendants. The case is presently before the court in the context of Plaintiffs' request for an order temporarily restraining Defendants from:

1

> "using, disclosing, or providing access to any of [the Plaintiff company's] confidential proprietary and/or trade secret information; and
>
> contacting or communicating with Plaintiffs' client contacts . . . ."

The court has held oral argument on the matter and in the course of that argument, Plaintiffs have made clear that nature of the information sought to be protected is the identity of client contacts. According to Plaintiffs, the identity of these individuals constitutes protected proprietary information, the disclosure of which would constitute a breach of Defendant Lori Courtney's fiduciary duty.

A request for preliminary relief is properly granted only if the party seeking relief establishes: (1) that absent the relief requested, it will suffer irreparable harm, and either (a) that it will likely succeed on the merits or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips decidedly in favor of the moving party. North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999).

To succeed on a claim of misappropriation of trade secrets under New York law plaintiff must show: (1) that is possessed a trade secret and (2) that defendant used the trade secret in violation of an agreement, confidential relationship or duty or as a result of discovery by improper means. North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999)., 188 F.3d at 43-44. As to the first element, a trade secret is defined as "any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an advantage over competitors who do not know the information. Id. at 44.

Several factors are considered when determining whether information qualifies as a trade

secret under New York law. Specifically, New York courts consider:

- the extent to which the information is known outside of the business
- the extent to which the information is known by employees and others involved in the business
- the extent of measures taken by the business to guard the secrecy of the information
- the value of the information to the business and its competitors
- the amount of effort or money expended by the business in developing the information
- the ease or difficulty with which the information could be properly acquired or duplicated by others

Ashland Management, Inc. v. Janien, 82 N.Y.2d 395, 407, 604 N.Y.S.2d 912, 918 (1993), quoting, Restatement of Torts § 757 comment b (citations omitted).

"Generally, where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach and courts will not enjoin the employee from soliciting his employer's customers." Leo Silfen, Inc. v. Cream, 29 N.Y.2d 387, 392 (1972). On the other hand, "where the customers are not known in the trade or are discoverable only by extraordinary efforts courts have not hesitated to protect customer lists and files as trade secrets. This is especially so where the customers' patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money." Id. at 392-93.

Upon consideration of the argument, and the parties' submissions, the court concludes

3

that Plaintiffs have not, at this time, met their burden of proving entitlement to the temporary relief sought. Specifically, Plaintiffs have not shown, by their papers and affidavits alone, that the information allegedly being used by Defendants is proprietary. Accordingly, no temporary restraining order shall issue at this time.

The court recognizes that Plaintiffs have presented a close question as to whether or not the information sought to be protected, i.e., the identity of particular client contacts – constitutes trade secret information under common law.[1] This issue should be decided in the context of a hearing. The court therefore denies the request for a temporary restraining order, without prejudice to renewal after a hearing on the issue of the nature of the information sought to be protected. That issue is referred to Magistrate Judge A. Kathleen Tomlinson for the purpose of holding a hearing, and issuing a recommendation as to the propriety of granting a temporary restraining order. The parties are directed to appear before Magistrate Judge Tomlinson for the hearing on Thursday February 11, 2010 at 10:00 A.M. Any request for an adjournment must be made to Magistrate Judge Tomlinson.

SO ORDERED

                                               LEONARD D. WEXLER
                                               UNITED STATES DISTRICT JUDGE

Central Islip, New York
February 9, 2010

---

[1] Defendant Lori Courtney is not bound by any contractual provision not to compete. The complaint therefore relies completely on common law duties.